UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 22-24105-CIV-MARTINEZ

FLORIDA BEAUTY EXPRESS, INC.,

Plaintiff,

v.

JVN EXPRESS INC.,

Defendant.

_________________________________________/

**REPORT AND RECOMMENDATION ON PLAINTIFF'S RENEWED MOTION FOR ENTRY OF FINAL DEFAULT JUDGMENT**

This matter is before the Court on Plaintiff Florida Beauty Express, Inc.'s ("Florida Beauty") Renewed Motion for Entry of Final Default Judgment against the Defendant, JVN Express, Inc. ("JVN"). ECF No. 39. The Honorable Jose E. Martinez, United States District Judge, referred Plaintiff's motion to the undersigned for a report and recommendation. ECF No. 41. The Defendant did not file a response to the Plaintiff's Motion for Default Judgment, and the deadline to do so has passed. After careful consideration of the Plaintiff's filings, the relevant authority, and for the reasons discussed below, the undersigned **RESPECTFULLY RECOMMENDS** that Plaintiff's Renewed Motion for Entry of Final Default Judgment be **GRANTED**.

## I. PROCEDURAL AND FACTUAL BACKGROUND[1]

Florida Beauty filed this action against the Defendant on December 19, 2022, asserting one count of Equitable Subrogation (Count I), one count of a violation of the Carmack Amendment,

[1] The following facts are admitted as a result of the Defendant's default. *See, e.g.*, *Amguard Ins. Co. v. Super Winn Nail Spa, Inc.*, No. 23-61304, 2024 WL 996444, at *1 (S.D. Fla. Mar. 5, 2024); *see also infra* Section II.

49 U.S. Code § 14706 (Count II), and one count of negligence (Count III). ECF No. 1. Florida Beauty is a Florida company that brokers motor carrier services for the transportation of property, and JVN is a motor carrier. *Id.* at ¶¶ 1, 3, 6. Non-party Albertsons Companies, Inc. ("Albertsons") hired Florida Beauty to coordinate a shipment of flowers owned by Albertsons from Miami, Florida to Illinois. *Id.* ¶¶ 8-10. Florida Beauty then brokered for JVN to transport the flowers from Florida to Illinois. *Id.* at ¶ 8. JVN picked up the flowers from Albertsons in good condition and without any defects, and loaded them onto a trailer, which was operated by JVN. *Id.* at ¶ 9. En route to the flowers' destination, the JVN trailer was involved in a vehicle crash in Mason Township, Illinois, severely damaging the flowers, which were not delivered to their final destination. *Id.* at ¶ 10.

As a result of the crash and the incomplete flower delivery, Florida Beauty paid Albertsons $96,890.21 in actual damages for the flowers and became subrogated to the rights and remedies available to Albertsons for the damage to the flowers. *Id.* at ¶ 11. Florida Beauty made a claim to JVN seeking reimbursement of the $96,890.21 sum paid to Albertsons. *Id.* at ¶ 12. JVN has not paid Florida Beauty any amount of that claim. *Id.*

JVN was served with the Complaint on January 9, 2023. ECF No. 5. On February 21, 2023, JVN filed a motion to dismiss Counts I and III of the Complaint and filed an answer as to Count II. ECF Nos. 13, 14. The Court granted JVN's motion and dismissed Counts I and III with prejudice, leaving only Count II, Plaintiff's claim for a violation of the Carmack Amendment, pending. ECF No. 31.

On April 20, 2023, counsel for JVN filed an Unopposed Motion to Withdraw, ECF No. 25, stating that counsel had been discharged by the Defendant. The Court granted defense counsel's motion. ECF No. 27 at ¶¶ 1-2. However, because JVN is a corporation and must be represented by counsel, *see Palazzo v. Gulf Oil Corp.*, 764 F.2d 1381, 1385 (11th Cir. 1985), the Court ordered JVN to retain new counsel, who was required to enter an appearance on or before May 25, 2023.

ECF No. 27 at ¶ 3. The Court warned JVN: "Failure to comply with this Order shall result in this Court immediately directing the Clerk of Court to enter default judgment against [JVN]." *Id.* at ¶ 4. JVN did not comply with the Court's order. Following a *sua sponte* review of the record, on August 2, 2023, the Court entered an Order to Show Cause why default should not be entered against JVN for failure to comply with the Court's order requiring JVN to obtain counsel. ECF No. 32. Again, the Court admonished JVN that "[f]ailure to show cause [would] result in the entry of default against [JVN] without further notice." *Id.* at ¶ 2. Again, JVN did not comply.

Following a second *sua sponte* review of the record on August 17, 2023, the Court directed the Clerk to enter a default, ECF No. 34, which the Clerk did, ECF No. 35. The Court then entered an Order on Final Default Judgment Procedure, ECF No. 37, which (1) ordered JVN to answer the Complaint and file a motion to set aside the Clerk's Default by September 14, 2023, and (2) ordered Florida Beauty to file a motion for final default judgment by September 21, 2023. JVN did not file a motion to set aside the Clerk's Default.[2] Florida Beauty, however, complied with the Court's order and filed the instant Renewed Motion for Entry of Final Default Judgment Against JVN, ECF No. 39. Florida Beauty requests $96,890.21 in actual damages, plus interest and attorney's fees and costs. *Id.* In support, Florida Beauty attaches an affidavit from its chief financial officer, Ronen Koubi, in which he avers, among other things, that the value of the ruined flowers was $96,890.21. ECF No. 39-1; *see also* ECF No. 26-7.

## II. LEGAL STANDARD

"When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a); *Mitchell v. Brown & Williamson Tobacco Corp.*, 294 F.3d 1309, 1316 (11th Cir. 2002). The effect of a clerk's default is that all of the plaintiff's well-pled

[2] As already discussed, JVN had previously answered Count II of the Complaint on February 21, 2023. ECF No. 14.

allegations are deemed admitted. *See Amguard Ins. Co. v. Super Winn Nail Spa, Inc.*, No. 23-61304, 2024 WL 996444, at *1 (S.D. Fla. Mar. 5, 2024) (citing *Buchanan v. Bowman*, 820 F.2d 359, 361 (11th Cir. 1987)); *see also Nishimatsu Constr. Co., Ltd. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975) (defaulted defendant deemed to admit well-pled allegations, but "not held to admit facts that are not well-pleaded or to admit conclusions of law").

Only the well-pled allegations are admitted because "entry of default judgment is only warranted when there is a sufficient basis in the pleadings for the judgment entered, with the standard for 'a sufficient basis' for the judgment being akin to that necessary to survive a motion to dismiss for failure to state a claim." *Singleton v.* Dean, 611 F. App'x 671, 671 (11th Cir. 2015) ("The Complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face, which is met when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."); *Certain Underwriters at Lloyd's London Subscribing to Policy BRT3A000415-02 v. A.M.A. Consulting & Constr. Servs.*, No. 21-cv-20979, 2022 WL 542893, at *5 (S.D. Fla. Feb. 7, 2022), *report and recommendation adopted*, 2022 WL 539183 (S.D. Fla. Feb. 22, 2022). Therefore, before entering a default judgment, a court must ensure that the well-pleaded allegations in the complaint state a substantive cause of action and provide a sufficient basis for the particular relief sought. *Tyco Fire & Sec., LLC v. Alcocer*, 218 F. App'x 860, 863 (11th Cir. 2007); *see also, e.g.*, *Luxottica Group S.p.A. v. Individual, P'ship or Unincorporated Ass'n*, No. 17-CV-61471, 2017 WL 6949260, at *2 (S.D. Fla. Oct. 3, 2017) ("Because a defendant is not held to admit facts that are not well pleaded or to admit conclusions of law, the Court must first determine whether there is a sufficient basis in the pleading for judgment to be entered."). If the admitted facts are sufficient to establish liability, then the Court must ascertain the appropriate amount of damages. *Nishimatsu Constr. Co.*, 515 F.2d at 1206. Where all the essential evidence needed to determine damages is found in the record, an evidentiary hearing on damages is not required. *See, e.g.*, *SEC v. Smyth*,

420 F.3d 1225, 1232 n.13 (11th Cir. 2005); *Bandyopadhyay v. Defendant 1*, No. 22-CV-22907, 2023 WL 2395475, at *1 (S.D. Fla. Mar. 7, 2023).

Plaintiff brings its remaining claim under the Carmack Amendment to the Interstate Commerce Act, 49 U.S.C. § 14706(a)(1). "The Carmack Amendment creates a uniform rule for carrier liability when goods are shipped in interstate commerce." *Smith v. UPS*, 296 F.3d 1244, 1246 (11th Cir. 2002) (citing *New York, New Haven, & Hartford R.R. Co. v. Nothnagle*, 346 U.S. 128, 131 (1953)). "To accomplish the goal of uniformity, the Carmack Amendment preempts state law claims arising from failures in the transportation and delivery of goods." *Smith*, 296 F.3d at 1246 (citing *Adams Express Co. v. Croninger*, 226 U.S. 491, 505-06 (1913) ("Almost every detail of the subject is covered so completely that there can be no rational doubt but that Congress intended to take possession of the subject, and supersede all state regulation with reference to it.")).

As a general rule, the Carmack Amendment "makes common carriers liable for actual loss of or damage to shipments in interstate commerce, thereby protecting shippers against the negligence of interstate carriers." *Atl. Specialty Ins. Co. A.S. v. Digit Dirt Worx, Inc.*, 793 F. App'x 896, 900 (11th Cir. 2019) (quotations and citations omitted). "To establish a prima facie case of liability under the Carmack Amendment, the shipper must show three things: (1) the goods were delivered to the carrier in good condition; (2) the goods were damaged during transit; and (3) a specified amount of damages resulted." *Id.* Once a plaintiff presents a prima facie case, the burden shifts to the carrier to prove both that "(1) it was free from negligence and (2) the damage to the cargo was caused by one of five excusable factors." *Id.* The excusable factors are an act of God, the public enemy, the act of the shipper, public authority, and the inherent nature of the goods. *Id.*

A plaintiff asserting a claim pursuant to the Carmack Amendment must also "file with the carrier a notice of a claim that satisfies [49 C.F.R.] § 1005.2(b) before filing suit." *Siemens Power Transmission & Distribution v. Norfolk S. Ry.*, 420 F.3d 1243, 1245 (11th Cir. 2005). Under 49 C.F.R. § 1005.2(b), "[a] written or electronic communication . . . from a claimant, filed with a

proper carrier . . . and: (1) Containing facts sufficient to identify the baggage or shipment (or shipments) of property, (2) asserting liability for alleged loss, damage, injury, or delay, and (3) making claim for the payment of a specified or determinable amount of money, shall be considered as sufficient compliance with the provisions for filing claims . . . ." 49 C.F.R. § 1005.2(b). Section 1005.2(b) "should be interpreted liberally in light of its purpose, which is to provide the carrier adequate notice of the claim so that it can conduct an independent investigation of the damage, not to relieve the carrier of liability." *Siemens*, 420 F.3d at 1245.

Once notice and the carrier's liability is established, "the question 'then becomes the amount of damages and, usually, whether the carrier legitimately limited its liability for the shipment to a specified value of amount.'" *Atl. Specialty*, 793 F. App'x at 900-01 (quoting *A.I.G. Uruguay Compania de Seguros, S.A. v. AAA Cooper Transp.*, 334 F.3d 997, 1003 (11th Cir 2003)). A carrier is "liable 'for the actual loss or injury to the property caused by' the carrier." *UPS Supply Chain Sols., Inc. v. Megatrux Transp., Inc.*, 750 F.3d 1282, 1286 (11th Cir. 2014) (quoting 49 U.S.C. § 14706(a)(1)). An exception to full liability exists "where a shipper agrees with a carrier to limit the carrier's liability in order to obtain a reduced shipping rate." *Id.* "The Carmack Amendment permits a carrier to limit its liability 'to a value established by written or electronic declaration of the shipper or by written agreement between the carrier and shipper if that value would be reasonable under the circumstances surrounding the transportation.'" *Id.* (quoting 49 U.S.C. § 14706(c)(1)(A)).

## III. ANALYSIS

Pre-Suit Notice Requirements

Florida Beauty has sufficiently complied with the pre-suit notice requirement of 49 C.F.R. § 1005.2. Florida Beauty has alleged that it "made a claim to JVN Express seeking reimbursement" of $96,890.21 for the value of the flowers and "JVN Express has not paid this amount or any amount." ECF No. 1 at ¶ 12. This led to Florida Beauty filing suit. *Id.* at ¶ 13.

These allegations, which must be accepted as true, are sufficient to show that Florida Beauty satisfied the Carmack Amendment's pre-suit notice requirement.

Liability

Florida Beauty has sufficiently pled all three elements of a prima facie claim under the Carmack Amendment. As a preliminary matter, JVN agreed that the dispute between the parties is governed by the Carmack Amendment. *See* ECF No. 13. As to the first element, Florida Beauty has alleged that the flowers were delivered to the Defendant in "good condition and without any defects." ECF No. 1 at ¶ 9. Florida Beauty additionally alleges that the flowers "were severely damaged" "en route to [their] destination" and "were not delivered to their final destination." *Id.* at ¶ 10. In satisfaction of the final element, Florida Beauty asserts that specific and actual damages of $96,890.21 resulted from JVN's conduct. *Id.* at ¶ 11. Taken as true, Florida Beauty's allegations have established JVN's prima facie violation of the Carmack Amendment. Accordingly, there is sufficient legal basis for entry of final default judgment against JVN.

Damages

Plaintiff's Complaint states that it is seeking damages in the amount paid in reimbursement to its customer: $96,890.21, plus prejudgment interest, postjudgment interest, and attorney's fees. ECF No. 1 at ¶¶ 5, 11; *id.* at 6; *see also* ECF No. 39 at 4, 9.

Where a plaintiff seeks damages, the plaintiff bears the burden of demonstrating its entitlement to recover the amount of damages sought in its motion for default judgment. *Kaciak v. TAB Rest. Grp., LLC*, No. 6:23-CV-1200-CEM-LHP, 2024 WL 262570, at *4 (M.D. Fla. Jan. 24, 2024) (citing *Wallace v. The Kiwi Grp., Inc.*, 247 F.R.D. 679, 681 (M.D. Fla. 2008)). "Unlike well-pleaded allegations of fact, allegations relating to the amount of damages are not admitted by virtue of default; rather, the court must determine both the amount and character of damages to be awarded." *Id.* Therefore, in the default judgment context "a court has an obligation to assure that there is a legitimate basis for any damage award it enters." *Anheuser Busch, Inc. v. Philpot*, 317

F.3d 1264, 1266 (11th Cir. 2003). Unless a plaintiff's claim against a defaulting defendant is for a liquidated sum or one capable of mathematical calculation, the law generally requires the district court to hold an evidentiary hearing to fix the amount of damages. *See Adolph Coors Co. v. Movement Against Racism & the Klan*, 777 F.2d 1538, 1543-44 (11th Cir. 1985). However, no hearing is needed "when the district court already has a wealth of evidence . . . such that any additional evidence would be truly unnecessary to a fully informed determination of damages." *Kaciak*, 2024 WL 262570, at *4 (quoting *S.E.C. v. Smyth*, 420 F.3d 1225, 1232 n.13 (11th Cir. 2005)); *see also, e.g.*, *Adolph Coors Co.*, 777 F.2d at 1544 (recognizing that damages may be awarded if the record adequately reflects the basis for award through "detailed affidavits establishing the necessary facts") (quoting *United Artists Corp. v. Freeman*, 605 F.2d 854, 857 (5th Cir. 1979) (per curiam)); *Wallace*, 247 F.R.D. at 681 ("[A] hearing is not necessary if sufficient evidence is submitted to support the request for damages.").

In support of the damages request in its motion for default judgment, Florida Beauty filed an affidavit from its chief financial officer, Ronen Koubi, asserting that Florida Beauty paid $96,890.21 in actual damages. ECF No. 39-1. In addition, Florida Beauty previously filed two invoices between Florida Beauty Express and Albertsons (ECF No. 26-5) and an additional sworn declaration from Mr. Koubi (ECF No. 26-7) which explains how the invoices establish Florida Beauty's claimed damages.

The invoices filed by the Plaintiff support the amount of requested damages. Mr. Koubi's declaration identifies Invoice L039149 (ECF No. 26-5 at 2) as the shipping invoice, which was forgiven against Albertsons in an amount of $4,114.21 due to the loss of the shipped flowers. ECF No. 26-7 at ¶ 15; *see also id*. at ¶¶ 13-14. Although the invoice/statement from Albertsons includes two additional entries for transactions that are unrelated to this case, a handwritten notation on the invoice and Mr. Koubi's declaration identify the particular entry that relates to this case as Albertson's invoice 913084WP in an amount of $92,776.00. *See* ECF No. 26-5 at 1; ECF No. 26-

7 at ¶ 15. Together, these invoices and Mr. Koubi's declaration demonstrate that Florida Beauty paid Albertsons an amount of $92,776.00 and suffered an additional loss of $4,114.21 in shipping costs that Florida Beauty would have been entitled to if the flowers been delivered. As a result, the record adequately establishes that Plaintiff suffered a loss of $96,890.21 that matches Plaintiff's requested damages of $96,890.21.

Turning to Florida Beauty's request for attorney's fees, the Court begins with the well-established "American Rule," which provides that "each party in a lawsuit ordinarily shall bear its own attorney's fees unless there is express statutory authorization to the contrary." *Hensley v. Eckerhart*, 461 U.S. 424, 429 (1983); *see also, e.g.*, *Hardt v. Reliance Standard Life Ins. Co.*, 560 U.S. 242, 253 (2010) (discussing "the bedrock principle known as the 'American Rule': Each litigant pays his own attorney's fees, win or lose, unless a statute or contract provides otherwise"). Here, Florida Beauty has failed to identify or establish any statutory, contractual, or other basis for an award of attorney's fees. Indeed, "[t]here is no provision for attorneys' fees under the Carmack Amendment." *Fine Foliage of Fla., Inc. v. Bowman Transp., Inc.*, 698 F. Supp. 1566, 1576 (M.D. Fla. 1988); *Scotlynn USA Division, Inc. v. Cold Ground Transport, LLC*, No. 2:15-cv-152-FtM-38CM, 2016 WL 6066682, at *2 (M.D. Fla. Oct. 14, 2016) (denying request for attorney's fees under the Carmack Amendment "because attorney's fees cannot be recovered under the Carmack Amendment"); *see also Strickland Transp. Co. v. Am. Distrib. Co.*, 198 F.2d 546, 547 (5th Cir. 1952) ("the Carmack Amendment . . . prescribes the damages as the 'full actual loss, damage, or injury to such property, etc.,' and [states] cannot extend the carrier's liability for losses beyond the limit allowed by Congress"). Florida Beauty, moreover, has not identified any other basis upon which an award of attorney's fees could be predicated in this case. Under these circumstances, Florida Beauty's request for attorney's fees should be denied.

Finally, Florida Beauty seeks prejudgment and postjudgment interest. ECF No. 1 at 6; ECF No. 39 at 9. Postjudgment interest should be awarded at the current legal rate allowed under 28

U.S.C. § 1961 as of the date of entry of the Court's final default judgment until the judgment is satisfied. 28 U.S.C. § 1961(a); *Kaiser Aluminum & Chem. Corp. v. Bonjorno*, 494 U.S. 827, 835 (1990) (holding that "postjudgment interest properly runs from the date of the entry of judgment"); *see also, e.g.*, *Quality Logistics, LLC v. Ivans Multiservices, LLC*, No. 9:23-CV-80784-MIDDLEBROOKS, 2023 U.S. Dist. LEXIS 190030, at *9 (S.D. Fla. Oct. 23, 2023).

Prejudgment interest should also be awarded. The Eleventh Circuit has held that prejudgment interest is recoverable in cases involving the Carmack Amendment and that the choice of rate at which to set that interest is within the discretion of the district court. *Werner Ent., Inc. v. Westwind Maritime Intern., Inc.*, 554 F.3d 1319, 1328-29 (11th Cir. 2009); *see also Eventus Mktg., Inc. v. Sunset Transp. Co.*, 10-21331-CV, 2011 WL 13220271, at *4 (S.D. Fla. Oct. 25, 2011).

Because the Plaintiff has not proposed a rate for prejudgment interest, the undersigned recommends that the Court apply the rate set by 28 U.S.C. § 1961(a), which the Eleventh Circuit has previously approved. *See Werner Ent., Inc.*, 554 F. 3d at 1328-29 (holding that choice of rate for prejudgment interest is matter within discretion of district court absent controlling statute, and affirming use of rates set by § 1961(a) for prejudgment interest in action under federal Carmack Amendment); *see also, e.g.*, *Ermert v. Boca Dental Supply, LLC*, No. 18-81666-CV, 2019 WL 7837289, at *4 (S.D. Fla. Mar. 29, 2019) (awarding prejudgment interest at rate calculated pursuant to 28 U.S.C. § 1961); *Fla. Transp. Serv. v. Miami-Dade Cty.*, 22 Fla. L. Weekly Fed. D530 (S.D. Fla. Dec. 29, 2010) (awarding prejudgment interest based on rate set by 28 U.S.C. § 1961(a)). With respect to the applicable dates for calculating prejudgment interest, the Plaintiff has not presented any evidence establishing when it paid Albertsons for the damaged and undelivered flower shipment, which would be the date the Plaintiff incurred that loss. *See* ECF No. 39. However, the Plaintiff's own evidence—the Albertsons invoice filed with the Plaintiff's summary judgment motion—indicates that the Plaintiff had not yet paid Albertsons and thus had not yet incurred a loss as of December 7, 2022. *See* ECF No. 26-5 at 1. Given the Plaintiff's failure to

establish when it paid Albertsons, as a matter of fairness, prejudgment interest should run from December 19, 2022, the date that the Plaintiff commenced this action against JVN, through the date of the Court's judgment. *See, e.g.*, *Compulife Software, Inc. v. Rutstein*, No. 9:16-CV-80808-BER, 2021 WL 5830554, at *1 n.2 (S.D. Fla. Oct. 20, 2021) (using date lawsuit was filed as the date on which prejudgment interest began to accrue), *aff'd*, 111 F.4th 1147 (11th Cir. 2024); *Rigoni USA, Inc. v. Rigoni di Asiago USA, LLC*, No. 07-20070-CIV, 2009 WL 10667806, at *14 (S.D. Fla. Jan. 14, 2009) (awarding prejudgment interest from date claim was asserted where date of loss had not been established); *see also American Nat. Fire Ins. Co. ex rel. Tabacalera Contreras Cigar Co. v. Yellow Freight Systems, Inc.*, 325 F.3d 924, 935-37 (7th Cir. 2003) (awarding prejudgment interest in Carmack Amendment case from the date the insurer paid on claim, not the date the goods were damaged).

## IV. CONCLUSION

For the foregoing reasons, the undersigned **RESPECTFULLY RECOMMENDS** that the Plaintiff's Motion for Entry of Final Default Judgment, ECF No. 39, be **GRANTED** and that final default judgment be entered in favor of the Plaintiff and against the Defendant in the amount of $96,890.21, plus prejudgment and postjudgment interest as described above.

Pursuant to Local Magistrate Rule 4(b), the Court finds good cause to EXPEDITE the period to serve and file written objections to this Report and Recommendation. Accordingly, within five (5) days from the date of this Report and Recommendation, that is, **by September 25, 2024**, the parties shall serve and file written objections, if any, to this Report and Recommendation with the Honorable Jose E. Martinez, United States District Judge. Failing to file timely objections will bar a *de novo* determination by the District Judge of any issue addressed in the Report and Recommendation, will constitute a waiver of a party's "right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions," and will only allow appellate review of the district court order "for plain error if necessary in the interests of justice." 11th Cir.

R. 3-1; 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 146-47 (1985); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989); *see also Harrigan v. Metro Dade Police Dep't Station #4*, 977 F.3d 1185, 1191-92 (11th Cir. 2020).

**RESPECTFULLY RECOMMENDED** in Chambers in Miami, Florida, this 20th day of September 2024.

EDUARDO I. SANCHEZ
UNITED STATES MAGISTRATE JUDGE

cc: Hon. Jose E. Martinez
Counsel of Record

JVN Express, Inc.
Attn: Yovani A. Pereira, President
13110 SW 82 Terrace
Miami, FL 33183,
Email: yovanijvn@gmail.com
(via email and U.S. Mail)